GEORGE C. DARLING *et al.*, Trustees *vs.* MARY E. WITHERBEE *et al.*

JUNE 8, 1914.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

*(1)    Wills.    Gift to Class.    Vested Interest.*

Testamentary trust after provision for the widow, directed the trustees to collect the income from the remainder of the estate, and to pay one-fifth part thereof to each of his five children during their respective lives and "I order and declare that the trustees from and after the decease of my five

children respectively, shall hold the $\frac{1}{5}$ part of the estate in trust for the child or children of such deceased child of mine, living at the decease of the survivor of myself and such child of mine, who shall either before or after said time attain the age of 21 years or marry under said age, and also the issue then living who shall either before or after said time, attain the age of 21 years or marry under said age, of any previously deceased child or children, of such deceased child of mine, as tenants in common; if more than one. But so that the children then living of such deceased child of mine shall take in equal shares and proportions and so that the issue then living of any deceased child of such child of mine, shall take per stirpes and not per capita, equally if more than one, the share or shares only, which his her, or their parent or respective parents would have taken if living to acquire a vested interest therein, to the use absolutely and in fee simple of such child, children and issue respectively."

"And in case there shall be no child of such deceased child of mine, or issue of deceased child of such deceased child of mine, living at the decease of the survivor of myself and such child of mine, or there being such he, she or they shall all decease under the age of twenty-one (21) years and without having been married, then and in such case the said trustees shall hold the said one-fifth (1-5) part of said trust premises subject as aforesaid, In Trust, —for the person or persons of my blood, who at the time of the decease of said survivor of myself and such child of mine, or at the time thereafter when such failure of issue as aforesaid shall be ascertained, as the case may be, would be my heir or heirs at law, according to the statutes relating to the descent of real estate, then in force in Rhode Island, if I had then deceased intestate, seized and possessed of the trust premises aforesaid, and if more than one, in the proportions prescribed by such statutes, to the use absolutely and in fee simple of such person or persons.

"I hereby authorize the said trustees to apply in or towards the maintenance, education, support or otherwise for the benefit of any grandchild or more remote issue of mine, during minority or discoverture all or any part of the yearly income, to which or to the share in my said residuary estate producing which such grandchild or other issue may be or become presumptively or contingently entitled in possession under any of the preceding dispositions of this will. And the unapplied income shall be accumulated and the accumulation shall be subject to like application, and so subject shall form part of and follow the destination of the share whence the said income shall have arisen." X. one of the children of testator deceased leaving certain children, him surviving, some over the age of 21 and some minors.

*Held,* that the gift to the children of X was a gift to a class and this class was limited to the children of X living at the decease of the survivor of the testator and X who should attain the age of 21 years or marry under that age. The contingency upon which the gift was to become payable was annexed to the gift itself and the estate became vested at the time when the first person fulfilled all the requirements of the gift. It was not the enjoyment merely of the gift which was postponed but the gift itself was made contingent upon a grandchild arriving at the age of 21 years, or marrying under that age, and as each such grandchild arrived at said age or married under said age he was entitled to his share.

*(2)    Wills.    Gift to Class.    Vested Interest.*

*Held*, further, that the fact that a child may die under 21 after the arrival at majority of another child, is no reason for holding that the estate does not become vested, since in gifts to a class such as the one under consideration the class is regarded as a unit, and as soon as one child fulfills all the requirements of the gift, the gift becomes vested in the class.    The class cannot then become enlarged and the death of one of the class before fulfilling all the requirements of the gift simply operates to increase the share which those fulfilling the terms of the gift have become entitled to.

*(3)    Wills.    Income of Fund.*

*Held*, further, that in regard to the application of the income for the education and support of the minor grandchildren, such grandchildren were entitled to the income from their own shares only.

*(4)    Wills.    Statute of Uses.    Trusts.*

*Held*, further, that there was no duty of conveyance or other duty imposed upon the trustees with respect to the share of a grandchild who had reached the age of 21 years, but such grandchildren took vested legal interests under the statute of uses.

BILL IN EQUITY for construction of will.    Certified under Gen. Laws, 1909, Cap. 289, § 35.

JOHNSON, C. J.    This is a bill in equity brought in the Superior Court, in Providence county, by George C. Darling, of Providence, in the county of Providence and state of Rhode Island, and Franklin A. Snow, of the town of Brookline, in the state of Massachusetts, Trustees, for the construction of the will of George H. Darling, late of the city of Providence, deceased.    Since the bringing of this suit, respondent Mary E. Witherbee has deceased.    The bill has been amended and the amended bill is brought against William A. Witherbee, husband of said Mary E. Witherbee, deceased, and Edith D. Witherbee and Rex G. Witherbee, children of said Mary E. Witherbee, all of the city of Utica, in the state of New York, John O. Darling, of said city of Providence, Grace D. Snow, of said Brookline, wife of said Franklin A. Snow, and the said George C. Darling, individually, and the children of Welcome B. Darling, deceased, to wit, Grace Darling, Welcome B. Darling, Bessie Darling Vinnedge, wife of Robert R. Vinnedge, Aline

Etta Darling and Frances A. Darling, both of the last named being minors.

Said bill sets out: That the complainants are trustees created under the provisions of the will of George H. Darling, which said will has been duly admitted to probate by the municipal court of said city of Providence exercising probate jurisdiction, a copy of which will is hereto annexed. That said George H. Darling deceased on the 27th day of April, 1897, leaving him surviving five children, to wit, Mary E. Witherbee, John Q. Darling, Grace D. Snow, Welcome B. Darling and George C. Darling. That the said George C. Darling was by decree of the Supreme Court of the State of Rhode Island, entered March 16th, 1904, appointed trustee in the place of Maria A. Darling, deceased. That the said Franklin A. Snow by decree entered in the Superior Court May 25th, 1906, was appointed trustee in the place and stead of William O. Cornell, deceased. That the said testator at the time of the date of said will and at the time of his decease had small personal estate and that more than three-quarters of the rest, residue and remainder of said estate in the hands of the trustees consisted of real estate. That the said Welcome B. Darling in his lifetime received the income from said trustees directly, never having alienated or disposed of the same by conveyance or by reason of bankruptcy or insolvency. That all of the said children of said George H. Darling are living except said Welcome B. Darling and Mary E. Witherbee. Said Welcome B. Darling deceased in the said city of Providence on the 31st day of July, 1906, leaving him surviving five children, to wit, Grace Darling, Welcome B. Darling, Bessie Darling Vinnedge, who are now all over the age of twenty-one years, and Aline Etta Darling and Frances A. Darling, both of whom are minors under the age of twenty-one years and unmarried. Said Mary E. Witherbee deceased in the said city of Utica on the 7th day of April, 1913, leaving her surviving a husband, said William A. Witherbee, and two children, to wit, the said Edith D. Witherbee and the said Rex G. Witherbee,

both of said children being of age. That certain of the children of said Welcome B. Darling, deceased, who have reached the age of twenty-one years have demanded of the said trustees that they turn over to them respectively in severalty a twenty-fifth interest in the estate of the said testator, while the children of said George H. Darling, now living insist that the period of distribution for the one-fifth share given to the children of Welcome B. Darling should be the time when the youngest of the children of said Welcome B. Darling, deceased, reaches the age of twenty-one years, or should he married under said age. That the complainants are in doubt and cannot determine without the aid, advice and consent of a court of equity as to what is the true construction of said will.

All the respondents have answered and admitted the allegations of the bill and submitted their rights to the court, by themselves or their guardians *ad litem*, except George C. Darling, one of the trustees, and Grace D. Snow, and as to them the bill has been taken *pro confesso*.

Testimony has been taken, and the case being ready for hearing for final decree has been certified to this court in accordance with the provisions of Section 35, Chapter 289 of the General Laws of 1909.

The will devises the residue of the estate of the testator to the trustees with full powers of sale, investment, reinvestment, and other usual provisions applicable to a testamentary trust, and after making provision for the occupation, use, and the receipt of the income from his homestead estate by his wife and the payment of an annuity to her during her life, and some other provisions, which need not be noticed here, directs the trustees as follows: "I authorize and direct the said trustees from and after the time of my decease, to collect the income accruing and arising from the remaining parts of said rest, residue and remainder of the estate, hereinbefore given, devised and bequeathed,—in trust,—and from the investments and re-investments thereof, and also from and after the time of the decease of my said wife, the

income arising from said homestead estate or if the same shall be sold from the investments or re-investments representing the same, also from and after her decease all income arising from said trust fund, and the investments and re-investments representing the same, and to pay therefrom all sums requisite for taxes, repairs, insurance and all other expenses incurred in the execution of these trusts, including a reasonable compensation for services in the trusteeship and to pay over and apply the remaining income in manner following that is to say:—one fifth (⅕) part of said income shall be paid to each of my five (5) children, Mary E. Witherbee, wife of William Augustus Witherbee, John O. Darling, Welcome B. Darling, Grace D. Snow, wife of Franklin A. Snow, and George Curtis Darling, for and during the terms of their respective lives to their absolute use."

After making certain provisions in the nature of a spend-thrift trust, none of which has become material, the will then provides, and these are the material parts of the instrument so far as this suit is concerned, as follows:

"And I further will order and declare that the said trustees from and after the decease of my said five (5) children, respectively, shall hold the one-fifth (⅕) part of said homestead estate, or if sold, the one-fifth (⅕) part of the investments representing the same, whether original or subsequent, and also one-fifth (⅕) part of the trust fund hereinbefore mentioned, howsoever then invested, including subsequent as well as original investments (subject nevertheless and without prejudice to the said trust in favor of my said wife) and also one-fifth (⅕) part of the remaining parts of the said rest, residue and remainder of the estate hereinbefore given, bequeathed and devised, in trust, howsoever then invested, including original as well as subsequent investments, in trust—for the child or children of such deceased child of mine, living at the decease of the survivor of myself and such child of mine, who shall either before or after said time attain the age of twenty-one years or marry under said age, and also the issue then living who shall

either before or after said time, attain the age of twenty-one (21) years or marry under said age, of any previously deceased child or children, of such deceased child of mine, as tenants in common; if more than one. But so that the children then living of such deceased child of mine, shall take in equal shares and proportions, and so that the issue then living of any deceased child of such child of mine, shall take per stirpes and not per capita, equally if more than one, the share or shares only, which his, her or their parent or respective parents would have taken if living to acquire a vested interest therein, to the use absolutely and in fee simple of such child, children and issue respectively.

"And in case there shall be no child of such deceased child of mine, or issue of deceased child of such deceased child of mine, living at the decease of the survivor of myself and such child of mine, or there being such he, she or they shall all decease under the age of twenty-one (21) years and without having been married, then and in such case the said trustees shall hold the said one-fifth (⅕) part of said trust premises subject as aforesaid, in trust,—for the person or persons of my blood, who at the time of the decease of said survivor of myself and such child of mine, or at the time thereafter when such failure of issue as aforesaid shall be ascertained, as the case may be, would be my heir or heirs at law, according to the statutes relating to the descent of real estate, then in force in Rhode Island, if I had then deceased intestate, seized and possessed of the trust premises aforesaid, and if more than one, in the proportions prescribed by such statutes, to the use absolutely and in fee simple of such person or persons.

"I hereby authorize the said trustees to apply in or towards the maintenance, education, support or otherwise for the benefit of any grandchild or more remote issue of mine, during minority or discoverture all or any part of the yearly income, to which or to the share in my said residuary estate producing which such grandchild or other issue may be or become presumptively or contingently entitled in possession

under any of the preceding dispositions of this will. And the unapplied income shall be accumulated and the accumulation shall be subject to like application, and so subject shall form part of and follow the destination of the share whence the said income shall have arisen."

The death of the testator's wife preceded that of the testator.

The bill asks for the interpretation of the will in the following particulars:

"1. Do said trustees hold the one-fifth part of the trust fund belonging to the children of Welcome B. Darling, deceased, until all the children of said Welcome B. Darling shall have attained the age of twenty-one years or marry under that age?

"2. Do the trusts as to income 'towards the maintenance, education, support, or otherwise for the benefit of any grandchild or more remote issue of mine' authorize the trustees to use the *whole of the income* from the fifth of the trust that was heretofore enjoyed by Welcome B. Darling in his lifetime, for such benefit during minority or discoverture, or must said one-fifth be divided equally among all the children of said Welcome B. Darling?

"3. Is the estate of said children of Welcome B. Darling a legal estate by virtue of the operation of the statute of uses, or is the duty of conveyance when they become entitled to the estate a duty for the trustees to perform?"

It is clear under the authorities that the gift to the children of Welcome B. Darling is a gift to a class; that this class of children is limited to the children of Welcome B. Darling living at the decease of the survivor of the testator and said Welcome B. Darling, who shall attain the age of twenty-one years or marry under that age.

In I Jarman on Wills (6th Ed. Bigelow), p. 262 (*232) a gift to a class is defined as follows: "A number of persons are popularly said to form a class when they can be designated by some general name, as 'children,' 'grandchildren,' 'nephews;' but in legal language the question whether a

gift is one to a class depends not upon these considerations, but upon the mode of gift itself, namely, that it is a gift of an aggregate sum to a body of persons uncertain in number at the time of the gift, to be ascertained at a future time, and who are all to take in equal or in some other definite proportions, the share of each being dependent for its amount upon the ultimate number of persons."

In Cyc. Vol. 40, p. 1473, it is said: "9. Classes—a. In General. A gift to a class has generally been defined as a gift of an aggregate sum to a body of persons uncertain in number at the time of the gift, to be ascertained at a future time, who are all to take in equal, or some other definite proportions, the share of each being dependent for its amount upon the ultimate number. A will may create different classes of persons to share in the property, and where it does so each class should be treated as a unit in distributing the property devised or bequeathed."

This interpretation is supported by the wording of the clause making the gift to the grandchildren of the testator. The will says that the residue of the estate shall be held in trust "for the child or children of such deceased child of mine, living at the decease of the survivor of myself and such child of mine, who shall either before or after said time attain the age of twenty-one years or marry under said age." The contingency upon which the gift is to become payable is annexed to the gift itself, and the estate becomes vested at the time when the first person fulfills all the requirements of the gift. It is not the enjoyment merely of the gift which is postponed, but the gift itself is made contingent upon a grandchild arriving at the age of twenty-one years.

The terms of the gift itself indicate the intention of the testator that the gift should become vested in the class at the time the first grandchild, living at the death of the survivor of the testator and the parent of such grandchild, arrives at the age of twenty-one or marries under that age, and as each such grandchild arrives at said age or marries under said age he is entitled to his share.

In Gray, Rule against Perpetuities, 2nd Ed. § 379, it is said: "Whenever a gift is made to such children or other class as reach a certain age, the class is closed when one member of it reaches the required age; no after-born person can be included in it."

40 Cyc. 1480 B. states the rule as follows: "Where there is a gift of an aggregate fund to children as a class, and the share of each child is made payable on marriage or his attaining a certain age, or other contingency, the period of distribution is the time when the first child becomes entitled to receive his share, and children coming into existence after that period are excluded."

In *Andrews* v. *Partington*, (1791), 3 Bro. C. C. 401, the testator gave money on trust to go upon a certain contingency to all and every the child and children of his son, Robert Andrews, equally to be divided between and among them; if more than one, share and share alike; and if but one, then to such only child; the daughter's share to be paid at twenty-one or marriage; the son's at twenty-one. Robert Andrews had twelve children living—six over twenty-one, and the contingency upon which the gift was to take place had happened. The question arose as to the rights of the children over twenty-one. The court, Lord Thurlow, held that the distribution must be among the children *in esse* at the time the eldest attains such age.

In *Gillman* v. *Daunt* (1856), 3 K. & J. 48, the testatrix by her will bequeathed to the plaintiffs certain stock, upon trust to pay or transfer £2,000 thereof to John Daunt, a younger son of Achilles Daunt, as soon as he should attain the age of twenty-one years; but in case he should die before attaining that age, then upon trust to pay or transfer the said £2,000 unto such of the other children of Achilles, who, being a son or sons, should live to attain the age of twenty-one years, or being a daughter or daughters, should attain that age or marry, and if more than one, in equal shares; and to apply the dividends and interest thereof for their, his, or her benefit until payment to them, him

or her of the said principal sum of £2,000. The testator died. John Daunt died an infant. Achilles had issue, at the death of John, nine children, of whom one, Achilles, the younger, had then attained twenty-one. The others were still infants, and unmarried. The question was submitted by the trustees, whether the beneficial interest in the stock set apart to answer the legacy of £2,000 was restricted to the children *in esse* at the death of John, one of such children having then attained the age of twenty-one; or whether after-born children (if any) would be entitled to share with them in the fund. Vice-Chancellor Wood said:

"I have always taken the rule to be as it is stated by Mr. Jarman, that 'where a legacy is given to the children, or to all the children, of A, to be payable at the age of twenty-one, or to Z for life, and after his decease, to the children of A, to be payable at twenty-one, and it happens that any child in the former case at the death of the testator, and in the latter at the death of Z, has attained twenty-one, so that his or her share would be immediately payable, no subsequently born child will take;' and for this reason, viz. that the child who has attained twenty-one cannot be kept waiting for his share; and if you have once paid it to him, you cannot get it back.

"I think that the terms of this bequest, 'such as shall attain twenty-one' amount to the same thing as 'at twenty-one,' or 'when and as they shall attain twenty-one.'

"I must therefore hold, that, on the death of John, the share of Achilles the younger, who had then attained twenty-one became immediately payable; and that no after-born child, should there be any, will be entitled to a share in the fund.

"There must be an order for a sale of the shares, and for payment of one-ninth of the proceeds to Achilles Daunt, the younger."

In *Hagger* v. *Payne*, (1857), 23 Beav. 474, the testator gave an annuity to Mary Payne for life, and "all the rest and residue of his personal estate and effects" (in default

of his having children, which happened) in trust "for all and every the children and child" of John Hagger, Mary Hall, Joseph Payne and Morris Payne, "who being a son or sons should respectively attain the age of twenty-one years, or being a daughter or daughters, should respectively, attain that age, or marry under that age." Testator died. After Mary Payne died there was available residue. There were nineteen children of the four persons mentioned,—several of whom had attained twenty-one before testator died; five were born after testator died, and this gave rise to a question whether these five were entitled to participate in the fund. It was held that they were not, and that the fund must be divided into fourteenths. The Master of the Rolls, at page 477, said: "The primary rule is that you must follow the intention of testators, but that intention must be expressed clearly and according to certain rules. It is an object of the greatest importance, that fixed rules should not be broken in upon, and I am of opinion that I should be doing so, and to use the words of Lord Eldon 'I should be shaking settled rules to their very foundation,' if I were to accede to the view taken by the defendants.

"One of the first rules of construction I take to be this:— That where a legacy, or a residue, is given to a class of persons and no period of distribution is mentioned, the rights of the parties are ascertained at the death of the testator, although payment is postponed for a year for the convenience of the estate. Another canon of construction is, that the period of division is the time for ascertaining the legatees, and I have followed that rule in a number of cases. The third principle is this:—That where a legacy is given to a class at twenty-one, then, as soon as one of the class attains twenty-one, the fund becomes distributable, and by reason of the fund being then divisible, persons of that class afterwards coming into *esse* are necessarily excluded.

"The testator may express a different intention, but if he does not, the court must follow this rule."

In *Gimblett* v. *Purton*, (1871), L. R. 12 Eq. 427, Sir R. Malins, V. C., at page 430, said: "This question depends upon a rule of law which has been settled ever since the case of *Andrews* v. *Partington*, that when there is a gift to a class, without any previous estate, to be divided at twenty-one, then, when the eldest attains twenty-one, the maximum number of those who are to take is to be ascertained, and the after-born children are excluded." See, also, *Dawson* v. *Oliver-Massey* (1876), 2 Ch. D. 753; *In re Whitten, King* v. *Whitten* (1890), 62 L. T. Rep. 391; *In re Knapp's Settlement, Knapp* v. *Vassall* (1894), (1895), 1 Ch. Div. 91; *Hubbard* v. *Lloyd*, 6 Cush. 522; *De Veaux* v. *De Veaux*, 1 Strobh. Eq. (S. C.), 283; *Lyons* v. *Turner*, 6 Rand. (Va.), 41.

The use of the words "to acquire a vested interest therein . . . respectively" further indicates the intention of the testator. After the gift to the grandchildren the testator goes on to provide as follows: "But so that the children then living of such deceased child of mine, shall take in equal shares and proportions, and so that the issue then living of any deceased child of mine shall take per stirpes and not per capita equally if more than one the share or shares only which his, her or their parent or respective parents would have taken if living to acquire a vested interest therein to the use absolutely and in fee simple of such child, children and issue respectively." This clause comes directly after the clause defining the class who shall take and providing that those grandchildren who attain the age of twenty-one years or marry under that age shall share in the gift. It is difficult to conceive what the addition of the words "to acquire a vested interest therein" applies to, unless it means that the grandchildren arriving at the age of twenty-one years shall thereupon acquire vested interests.

The clause authorizing the application of the income towards the maintenance, education, support or otherwise for the benefit of a grandchild during minority or discoverture, indicates that the estate vests at termination of minor-

472 DARLING v. WITHERBEE. [36

ity. The language is: "I hereby authorize the said trustees to apply in or towards the maintenance, education, support or otherwise for the benefit of any grandchild or more remote issue of mine during minority or discoverture all or any part of the yearly income, to which or to the share in my said residuary estate producing which such grandchild or other issue may be or become presumptively or contingently entitled in possession under any of the preceding dispositions in this will." The only provision for taking care of the income accruing upon the share of any grandchild is limited to the minority or discoverture of such grandchild.

In *Gimblett* v. *Purton, supra,* there was a clause for maintenance during the minority of the grandchildren. Sir R. Malins, V. C., said (p. 430): "In the present case there is a power for maintenance during the minority of the children out of the interest of their presumptive shares; but there is no ground for construing the clause to extend beyond the time of the children attaining twenty-one because their shares would no longer be presumptive shares."

(2) The fact that a child may die under twenty-one after the arrival at majority of another child, is no reason for holding that the estate does not become vested.

In gifts to a class such as the one under consideration, the courts look upon the class as a unit. As soon as one child fulfills all the requirements of the gift, the gift becomes vested in the class. There is then no contingency upon the happening of which the gift can go over to any other class. The class cannot then become enlarged, and the fact that one of the class may die before fufilling all the requirements of the gift will not serve to divest the class as a unit of its interest. It simply operates to increase the share which those fulfilling the terms of the gift have become entitled to. This is the uniform rule laid down in all the cases.

In *Gimblett* v. *Purton, supra,* Sir R. Malins, V. C., said: "There being at present six children, the eldest child has now ascertained his minimum share, and if any of the other five should die without attaining twenty-one, he will become

entitled to a part of any share which may fall in, equally with the surviving children.

*In re Whitten, King* v. *Whitten, supra,* North, J., speaking of a member of the class who had become entitled to his share, said: "Wilfred became entitled to one-fifth. He might afterwards take more if one or more of the other children happened to die under twenty-five, but he could not in any case have less. If the trust stopped there I should be of opinion that Wilfred was entitled to one-fifth as soon as he attained twenty-five; and if his share was vested I have no doubt that there was nothing in the fact that others might not live to take their shares which would deprive him of it."

The meaning of the second question of construction raised by the bill apparently is that the trustees are uncertain (3) whether they may use the whole annual income for the maintenance, education and support of one or more minor grandchildren in their discretion, and if more than one in unequal amounts; or whether they must distribute the income equally among all grandchildren, including those over twenty-one. It seems perfectly clear from the clause of the will in question that there is but one possible construction. For the purpose of convenience, this clause is again quoted: "I hereby authorize the said trustees to apply in or towards the maintenance, education, support or otherwise for the benefit of any grandchild or more remote issue of mine during minority or discoverture all or any part of the yearly income, to which or to the share in my said residuary estate producing which such grandchild or other issue may be or become presumptively or contingently entitled in possession under any of the preceding dispositions of this will. And the unapplied income shall be accumulated and the accumulations shall be subject to like application, and so subject shall form part of and follow the destination of the share whence the said income shall have arisen."

The words of the will are unequivocal that the trustees are to apply for the benefit of any grandchild all or part of

the yearly income to which "such grandchild"  .  .  .
"may be or become presumptively or contingently entitled
in possession under any of the preceding dispositions of this
will." It is obvious that such grandchild is to take the
income from its own share only, and is not entitled to the
income from the share of any other grandchild. The
trustees may, it is true, use less than the proportionate share
of a minor grandchild for his benefit during any year, but
in such event the remaining part of such proportion must
be accumulated for his benefit. The next sentence
strengthens this interpretation. It provides that unapplied
income shall be accumulated, etc., and "shall form part of
and follow the destination of the share whence the said income
shall have arisen." The language leaves no doubt that the
share of each grandchild is from the start to proceed to its
own particular destination, and is not to be diverted to any
other destination under any circumstances whatsoever.
Furthermore, it is during the joint minority only of the said
five grandchildren that the trustees may use the whole
income from the said one-fifth. As each grandchild reaches
twenty-one or marries, he thereupon becomes entitled to
his share. The trustees thereupon are authorized to use
the income from the remaining part only of the principal
for the remaining minor grandchildren.

(4)     Upon the third question asked by the trustees: Is the
estate of said children of Welcome B. Darling a legal estate
by virtue of the operation of the Statute of Uses, or is the
duty of conveyance when they become entitled to the estate
a duty for the trustees to perform?

The gift is: "In Trust—for the child or children of such
deceased child of mine, living at the decease of the survivor
of myself and such child of mine, who shall either before or
after said time attain the age of twenty-one years or marry
under said age, and also the issue then living who shall
either before or after said time, attain the age of twenty-one
(21) years or marry under said age, of any previously
deceased child or children of such deceased child of mine as

tenants in common; if more than one. But so that the children then living of such deceased child of mine, shall take in equal shares and proportions, and so that the issue then living of any deceased child of such child of mine shall take per stirpes and not per capita equally if more than one the share or shares only which his, her or their parent or respective parents would have taken if living to acquire a vested interest therein to the use absolutely and in fee simple of such child, children and issue respectively." There is no duty of conveyance or other duty imposed upon the trustees with respect to the share of a grandchild who has reached the age of twenty-one. Under this provision we think the grandchildren take vested legal interests under the statute of uses.

Thus in *Guild* v. *Allen*, 28 R. I. 430, the following bequest was considered: "I give and bequeath to my cousin, Mrs. Frances Fitch Allen, of Utica, N. Y., the sum of $500, to be kept in trust for her by her daughter, S. Edith Allen." The question passed upon by the court was whether the executor was authorized to pay said sum directly to Frances Fitch Allen, or should pay it to the trustee. It was held that the statute executed the use and the money should be paid directly to the *cestui*. The court said at page 438: "Where there is nothing to be done by the trustees, who merely hold the property for certain named beneficiaries for their own proper use, it amounts to a dry trust, and is executed by the statute. *Everts* v. *Everts*, 80 Mich. 222. And where a will gave 'to my nephew and adopted son, the sum of $3,000, in trust to my executors,' held, that the legacy went to the adopted son absolutely, free from any trust. *In re Denfield*, 156 Mass. 265."

In *Sprague* v. *Sprague*, 13 R. I. 701, 703, Durfee, C. J., said speaking of a deed made by the trustee: "The deed, however, does not conform to the will. If it did conform to it, it would vest the estate in the trustee and his heirs in trust for Benoni Sprague, Senior, for life, remainder for his children for life, remainder for his heirs, which latter

remainder, under the rule in *Shelley's Case,* would be in legal effect a remainder to said Benoni in fee simple."

. . . "If the trust had been so constituted it would have been a purely passive trust, and would have been instantaneously executed in the *cestui que trustent* by the statute of uses."

The questions submitted by the trustees are answered as follows:

1. The trustees do not hold the one-fifth part of the trust fund belonging to the children of Welcome B. Darling, deceased, until all the children of said Welcome B. Darling shall have attained the age of twenty-one years or marry under that age.

2. The trusts as to income "towards the maintenance, education, support, or otherwise for the benefit of any grandchild or more remote issue of mine" do not authorize the trustees to use the whole income from the fifth of the trust that was heretofore enjoyed by Welcome B. Darling in his lifetime, for such benefit during minority or discoverture, but said income must be divided equally among all the children of said Welcome B. Darling.

3. The estate of said children of Welcome B. Darling who have attained the age of twenty-one years or married under that age is a legal estate by virtue of the operation of the Statute of Uses.

A decree in accordance herewith may be presented for approval, and the cause will be remanded to the Superior Court for the entry of such decree when approved.

*Bassett & Raymond,* for complainants and certain respondents.

*Green, Hinckley & Allen,* for certain respondents.

*Arthur M. Allen, Chauncey E. Wheeler,* of counsel.